**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ZERVIER POWELL,

                         Plaintiff,

v.                                             9:23-cv-848 (ECC/DJS)

SGT. COREY LABARE, et al.,

                         Defendants.

---

Edward Sivin, Esq., *for Plaintiff*
Alexandra L. Galus, *Asst. Attorney General, for Defendants*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

### I.      INTRODUCTION

On July 14, 2023, Zervier Powell (Plaintiff) brought this action under 42 U.S.C. § 1983 against Corey Labare, Damian Tyler, and Jonathan Souza (Defendants), alleging excessive force and failure to intervene in violation of the Eighth Amendment. Dkt. No. 1. On June 12, 2025, the jury returned a verdict finding that Plaintiff had failed to prove his claim by a preponderance of the evidence. Dkt. No. 66. On June 12, 2025, the Court entered a judgment in accordance with the verdict. Dkt. No. 67. Presently before the Court is Defendants' motion for a Bill of Costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure (Rule 54(d)), seeking a total of $955.78 in costs associated with defending this action. Dkt. No. 68 (the Motion).[1] Plaintiff did not file an opposition. For the following reasons stated, Defendants' Motion is granted.

### II.     STANDARD OF REVIEW

---

[1] Unless otherwise noted, citations are to the pagination generated by CM/ECF docketing system.

"Pursuant to Rule 54(d)(1), only costs other than attorney's fees should be allowed . . . to the prevailing party unless the court directs otherwise." *Sacco v. Daimler Chrysler Corp.*, No. 05-CV-1435, 2008 WL 2858652, at *1 (N.D.N.Y. July 22, 2008) (quoting Rule 54(d)(1) (quotation marks omitted)). The costs that may be awarded are only those "authorized by statute or contract." *Gallagher v. IBEW Local Union No. 43*, No. 5:00-CV-1161, 2008 WL 5191691, at *1 (N.D.N.Y. Dec. 10, 2008). The relevant statute, 28 U.S.C. § 1920 states:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. *See also* United States District Court for the Northern District of New York (N.D.N.Y) Guidelines for Bills of Costs §§ II(F)(1)(a)-(c), (e).

"In addition, because Rule 54(d) allows costs 'as of course,' such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001) (citing Rule 54(d) and *Mercy v. County of Suffolk,* 748 F.2d 52, 54 (2d Cir. 1984), *abrogated on other grounds*, *Bruce v. Samuels*, 577 U.S. 82 (2016). "For this reason, the losing party has the burden to show that costs should not be imposed; for example, costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Id.* (citations omitted). "The decision to award costs to a prevailing party under Rule 54(d)(1) rests within the sound discretion of the district court." *McEachin v. Goord,* No. 9:01-CV-0259, 2007 WL

1571981, at *1 (N.D.N.Y. May 25, 2007) (citation omitted).

### III.    DISCUSSION

#### A. Witness Fees

Defendants seek $447.38 for witness fees for three non-party witnesses who testified at trial: Marcia Rocque, Colin Fraser, and Ted Nesmith. Dkt. No. 68 at 3. For each of these witnesses, Defendants seek the statutory witness attendance fee of $40.00 per day for a total of $120.00. *See* 28 U.S.C. § 1821(b); *see also New Skete Farms, Inc. v. Murray*, No. 1:06-CV-486 (GLS/RFT), 2009 WL 10680320, at *3 (N.D.N.Y. Apr. 3, 2009) ("A prevailing party may recover its witness costs at a rate of $40 for each day the witness gave testimony at a trial or deposition.").

Defendants also seek $122 for overnight lodging, and that complies with the requirements of 28 U.S.C. § 1821(d), and the GSA FY2025 Daily Lodge Rate for Syracuse, New York.[2] Finally, they seek $205.38 for mileage, and they calculated the mileage for each witness at a GSA rate of $0.21 provided by 28 U.S.C. § 1821(c)(2).[3] Accordingly, Defendants' request for costs in the amount of $447.38 for witness fees is granted.

#### B. Transcript Fees

Defendants seek $508.40 in costs for Plaintiff's February 12, 2024 deposition transcript. Dkt. No. 68 at 4. "Generally speaking, the reasonable costs of transcribing depositions are properly

---

[2]  *See* GSA FY 2025 Daily Lodging Rates for Syracuse, New York, https://www.gsa.gov/travel/plan-book/per-diem-rates (last visited March 16, 2026).

[3] For each witness, Defendants calculated a round trip to the James M. Hanley Federal Building, 100 S. Clinton, Street, Syracuse, NY 13261, from, for Roque, Washington Correction Facility, that is 362 miles; for Fraser, from Cranberry Lake, NY, that is 288 miles; and for Nesmith, from Queensbury, NY, that is 328 miles, all at the United States General Service Administration ("GSA") rate of $0.21 per mile for each of the non-party witnesses. *See POV Mileage Rates (Archived)*, United States General Services Administration, effective January 1, 2025, https://www.gsa.gov/travel/plan-book/transportation-airfare-pov-etc/privately-owned-vehicle-mileage-rates/pov-mileage-rates-archived (last visited March 16, 2026).

taxed in favor of the prevailing party." *Green v. Venettozzi*, No. 9:14-CV-1215 (BKS/CFH), 2019 WL 4508927, at *1 (N.D.N.Y. Sept. 19, 2019) (citation omitted). Here, where "Plaintiff testified at trial, the deposition transcript was necessary in order to cross-examine him (or to be prepared to do so)." *Yunus v. Jones,* No. 9:15-CV-1282 (GTS), 2020 WL 3026238, at *3 (N.D.N.Y. June 5, 2020).

Accordingly, Defendants' request for costs in the amount of $508.40 for transcript fees is granted. *See* N.D.N.Y Guidelines for Bills of Costs §§ II(D)(1)(c)-(d).

## IV.    CONCLUSION

For these reasons, it is

**ORDERED** that the Motion for Bill of Costs, Dkt. No. 68, is **GRANTED**; and it is further

**ORDERED** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 25, 2026

_____
Elizabeth C. Coombe
U.S. District Judge

4